Robert W. Hickey v. Commissioner.
Hickey v. Commissioner
Docket No. 87304.
United States Tax Court
T.C. Memo 1962-234; 1962 Tax Ct. Memo LEXIS 74; 21 T.C.M. (CCH) 1258; T.C.M. (RIA) 62234; October 3, 1962
*74 Held: That petitioner has not established by a preponderance of the evidence that he is entitled to deduct, as an ordinary and necessary business expense, the sum of $5,200 paid by him to his father in 1957. Joseph H. Sylvester, Esq., for the petitioner. Raymond T. Mahon, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of the petitioner for the taxable year 1957 in the amount of $2,423.75. The issue presented is whether or not petitioner is entitled to deduct, as an ordinary and necessary business expense, the sum of $5,200 paid by him to his father in 1957. Findings of Fact Some of the facts are stipulated and are incorporated herein by reference. Robert J. Hickey, the petitioner, is an individual with residence at 300 Olivia Street, Derby, Connecticut. Petitioner's 1957 income tax return was filed with the district director for the district of Connecticut. Petitioner's father is William J. Hickey, who also resides at 300 Olivia Street, Derby, Connecticut. On December 28, 1956, the petitioner's father was 78 years of age. From January 1, 1951, to December 28, 1956, the *75 petitioner and his father conducted a business of selling real estate and insurance under the firm name of "William J. Hickey & Son" at 59 Elizabeth Street, Derby, Connecticut. The firm was a copartnership of which the petitioner and William J. Hickey were partners, each being entitled to one-half the profits of said business and each being responsible for one-half the expenses. On or about December 28, 1956, William J. Hickey sought to retire from active participation in the management and ownership of said business. On December 28, 1956, the petitioner and William J. Hickey executed an agreement under the terms of which William J. Hickey conveyed to the petitioner all of his interest in the business known as "William J. Hickey & Son" in consideration of the payment by petitioner of $100 per week to his father as long as the latter lived. The agreement was as follows: AGREEMENT made this 28th day of December, 1956 by and between WILLIAM J. HICKEY of the City of Derby, County of New Haven and State of Connecticut and ROBERT W. HICKEY of the City of Derby, County of New Haven and State of Connecticut, WITNESSETH: WHEREAS, the said parties hereto have conducted and operated *76 the business of selling real estate and insurance under the firm name and style of William J. Hickey & Son since January 1, 1951; and WHEREAS, the said Robert W. Hickey has agreed to purchase William J. Hickey's share of said partnership. NOW, THEREFORE, the Parties agree as follows: 1. The said Robert W. Hickey shall assume the full ownership of real estate and insurance business now being conducted as a partnership between the parties hereto. 2. Said Robert W. Hickey shall assume all of the interest of William J. Hickey in said business, including all of the equipment, accounts receivable and all other assets of said firm of William J. Hickey & Son, of every nature and kind whatsoever, to have and to hold said equipment, chattels and interest unto himself, his heirs, executors, administrators and assigns to and for his own proper use forever. 3. It is hereby agreed that the said Robert W. Hickey may continue to conduct said business under the name and style of William J. Hickey & Son. 4. It is mutually agreed that the partnership heretofore existing between William J. Hickey and Robert W. Hickey under the firm name and style of William J. Hickey & Son is hereby dissolved *77 and ended. 5. In consideration hereof the said Robert W. Hickey agrees to pay to the said William J. Hickey the sum of One Hundred ($100.00) Dollars per week for as long as the said William J. Hickey lives, commencing January 1, 1957 and continuing thereafter as aforesaid. In Witness Whereof the Parties have hereunto set their hands and seals this 28th day of December, 1956 Signed, Sealed and Delivered in presence of (signed) George J. Finn (signed) Katherine Sheehy (signed) William J. Hickey (L.S.) (signed) Robert W. Hickey, (L.S.) During the taxable year 1957, petitioner paid to his father $5,200 pursuant to said agreement. The father spent about three months in Florida, which had been his custom for many years. He did not work during the time he spent in Florida. In addition to the payment of $5,200 in 1957, the father received one-half of commissions on property which he himself sold, which was the customary division of commissions with subagents. The father also received compensation as an independent appraiser, but this was not paid by Robert. The father rendered services to the petitioner in 1957 (in addititon to sales of real estate, for which the father *78 received one-half commissions as stated above). The services consisted largely of the following: Opened the office in the morning; was available from 8:00 or 9:00 a.m. until 5:00 p.m.; answered the telephones; waited on customers; attended closing of real estate sales at lawyers' offices; collected insurance premiums and entered collections on the books; sold insurance; collected rents and insurance premiums in evenings and on Sundays; and went out, day or night, whenever called for such purposes. His activities were about the same as in prior years. The father's contacts and the name and reputation established by him over many years was of substantial value to the business. On Schedule C of his 1957 income tax return the petitioner deducted the $5,200 paid to his father as a business expense, describing it as "payment on pension to former partner." On his 1957 income tax return, William J. Hickey reported in gross income $5,200 which he received from the petitioner as "pension from former partnership." The petitioner did not withhold any income taxes from any of the amounts which he paid to his father during 1957. The father was not recorded as an employee on petitioner's *79 payroll records for 1957. On May 21, 1959, a copy of the revenue agent's report in this case was sent to the petitioner and he was advised therein that the deduction claimed as payment of a pension to a former partner would be disallowed as representing the cost of acquiring an interest in a partnership. On July 25, 1959, the petitioner and William J. Hickey executed an agreement which recited as follows: AGREEMENT Made this 25th day of July, 1959, by and between WILLIAM J. HICKEY, of the City of Derby, County of New Haven and State of Connecticut, and ROBERT W. HICKEY, of said Derby, County and State aforesaid, WITNESSETH: WHEREAS, the parties executed a document under date of December 28, 1956, and WHEREAS, certain interpretations have been made of said documents which are inconsistent with the actual intentions of the parties at the time they executed said document. THEREFORE, the parties do stipulate and agree that: 1. The conveyance by William J. Hickey of his interest in the business known as "William J. Hickey & Son," to Robert W. Hickey was an outright gift and there was no consideration paid therefor nor has there been to the date hereof, nor are there any *80 other agreements in effect under which said William J. Hickey expects to be paid any consideration for said gift, other than the love and affection between father and son. 2. That portion of the document dated December 28, 1956, providing for the payment by Robert W. Hickey to William J. Hickey of $100.00 per week for as long as he, William J. Hickey shall live was intended to be, is and was an employment contract. The parties did not intend at that time nor do they now intend that this $100.00 per week represented, in any way, consideration for this gift. William J. Hickey performs services for these wages and is expected to and does devote himself to the business of his employer, Robert W. Hickey. IN WITNESS WHEREOF, we have hereunto set our hands and seals this 25th day of July, 1961. IN THE PRESENCE OF: (signed) J. H. Sylvester (signed) Katherine Sheehy (signed) William J. Hickey (SEAL) WILLIAM J. HICKEY (signed) Robert W. Hickey (SEAL) ROBERT W. HICKEY Subscribed and sworn, this 25th day of July, 1959, at Derby, Connecticut. (signed) George J. Finn GEORGE J. FINN COMMISSIONER OF THE SUPERIOR COURT No gift tax return was filed by William J. Hickey until August 11, 1961, in *81 connection with the 1956 conveyance to the petitioner of his interest in the partnership known as "William J. Hickey & Son." The father had given petitioner a half interest in the business in 1951. At the time of the 1956 transaction, in which the father turned over his remaining interest in the business to petitioner, the father also executed a will for the benefit of his two daughters who were not to share in the business. Opinion Respondent, in his deficiency notice, disallowed the deduction of $5,200 claimed by petitioner as salary paid to his father for the year 1957 on the ground that it represented part of the cost of acquiring a capital asset (the father's interest in the partnership). Petitioner maintains that despite the language of the agreement executed by him and his father on December 28, 1956, calling for purchase by petitioner of the father's interest in the partnership for a consideration of $100 per week payable by petitioner to his father as long as the father lived, the true intent and purpose of the parties was to effect a gift from the father to petitioner of the father's interest in the partnership and an employment agreement by virtue of which the *82 petitioner employed the father for $100 per week for life. Petitioner, his father, his secretary, and his attorney appeared as witnesses and all four testified to the intent and purpose claimed by petitioner. The attorney, when asked to explain why the instrument (executed December 28, 1956) purported to be a sale when the intention of the parties was one of gift and employment, answered that the only thing he could say was that it was a poor choice of words in drafting the agreement. On the basis of our observation at the trial, all four witnesses impressed us favorably. At the same time, it is apparent that the acts and omissions of the parties were substantially inconsistent with the intent and purpose stated in their oral testimony. The language of the agreement of December 28, 1956, was clear and unambiguous. It called for a sale and a specified consideration. While not necessarily conclusive, as far as the tax issue is concerned, it is a factor entitled to substantial weight in reaching a conclusion on the facts. The parties have stipulated that "[during] the taxable year 1957 the petitioner paid $5,200 to William J. Hickey pursuant to the agreement between the parties *83 in which William J. Hickey conveyed to the petitioner all of his interest in the business known as 'William J. Hickey & Son.'" Petitioner, in his 1957 income tax return, referred to the $5,200 paid to his father as pension to former partner, and the father, in his return for the same year, included it in gross income (other income) as pension from former partner. Neither return made any reference to salary or compensation for services as to the payment of $5,200. (On the other hand, however, it is clear from our Findings that the father did render substantial services to petitioner in 1957.) The agreement of July 25, 1959, in which petitioner and his father purport to set forth the true intention of the parties as a gift from the father to petitioner and an employment agreement providing for payment of $100 a week by petitioner to the father during the life of the latter was not entered into until after receipt of a copy of the revenue agent's report of May 21, 1959, proposing disallowance of the $5,200 deduction. No gift tax return was filed until August 11, 1961. The father was not listed as an employee on petitioner's Forms 941 and was not recorded as an employee on petitioner's *84 payroll records for 1957. After weighing and analyzing all of the material evidence in the case, we cannot escape the conclusion that petitioner has failed to establish, by a preponderance of the evidence, that he is entitled to a deduction as an ordinary and necessary business expense for the $5,200 paid by him to his father in 1957. Decision will be entered under Rule 50.